UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DANYELL D. BELVIN            CIVIL ACTION NO. 05-0757

versus            JUDGE HICKS

KANSAS CITY SOUTHERN            MAGISTRATE JUDGE HORNSBY
RAILROAD COMPANY, ET AL.

# MEMORANDUM ORDER

**Introduction**

      Plaintiff commenced this action in state court against Kansas City Southern Railroad Company and Louisiana State University Health Care Services Division. He complains that KCS, his former employer, discriminated against him based on race. The government defendant is accused, in paragraph 34 of the petition, of releasing Plaintiff's medical history to KCS without Plaintiff's written consent.

      KCS filed a notice of removal that asserts both diversity and federal question jurisdiction. There are significant questions as to whether either basis for jurisdiction exists. The court has an independent obligation to examine the basis for its subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir.1997). There is a presumption against jurisdiction, and the party who brings the action to federal court bears the burden of rebutting that presumption. Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).

**Federal Question**

With respect to federal question jurisdiction, KCS concedes in its notice of removal that Plaintiff's petition "does not expressly state whether his employment discrimination claims arise under federal or state law," but KCS suggests that the claims could arise under federal laws such as Title VII. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of this "arising under" or "federal question" jurisdiction is governed by the well-pleaded complaint rule. Caterpillar, Inc. v. Williams, 107 S.Ct. 2425, 2429 (1987). To determine whether a well-pleaded complaint gives rise to jurisdiction, the court is to inquire: (1) Is a federally created right or immunity pleaded without conjecture in the complaint? and (2) Would a well-pleaded complaint show that the plaintiff's right to relief requires resolution of a substantial question of federal law? Chuska Energy Co. v. Mobil Exploration & Producing North America, Inc., 854 F.2d 727, 730 (5th Cir. 1988). These criteria apply to both original and removal jurisdiction. Id. The answer to both of the relevant questions is no.

As for the first question, no federal claim is pleaded without conjecture in the petition. Turning to the second question, Plaintiff's petition gives rise to claims that are cognizable under state law and (if successful on the merits) will entitle Plaintiffs to relief without resort to any questions of federal law. Federal question jurisdiction is not present merely because a federal law claim (such as Title VII) that was not pleaded by the plaintiffs *may* be available

to them. A plaintiff is "master to decide what law he will rely upon," and he may avoid federal jurisdiction by exclusive reliance on state law even though a federal cause of action may be available. Caterpillar, Inc., 107 S.Ct. at 2429; MSOF Corp. v. Exxon Corp., 295 F.3d 485, 490 (5th Cir. 2002)(allegations and prayer consistent with CERCLA claim did not support removal when CERCLA not specifically invoked and state law provided a cause of action); F.W. Myers & Co., Inc. v. World Projects International, 903 F.Supp. 353, 356 (N.D. N.Y. 1995) (no removal jurisdiction if facts alleged would support a claim under federal or state trademark law but plaintiff did not make express invocation of federal law); New Jersey v. City of Wildwood, 22 F.Supp.2d 395, 401 (D. N.J. 1998) ("Even if the facts in plaintiff's complaint could establish a federal cause of action, the plaintiff's choice to proceed on purely state-law grounds in state court must be respected.") When a plaintiff chooses not to invoke federal law, the defendant may not remove based on a federal claim that the plaintiffs *might* possess but chose not to assert in his petition. There does not, therefore, appear to be a basis to exercise federal question jurisdiction over Plaintiff's petition.

**Diversity**

With respect to diversity jurisdiction, KCS sets forth facts that establish diversity between KCS and Plaintiff and appear to satisfy the amount in controversy requirement. KCS's notice of removal does not, however, mention its co-defendant, Louisiana State University Health Care Services Division. It is not clear whether the Division had been served at the time of removal, but lack of service would excuse only the Division's lack of

joinder in the removal. For purposes of diversity and subject matter jurisdiction, however, the presence of a non-diverse party destroys diversity regardless of service or non-service upon that defendant. Diversity "is determined from the fact of citizenship of the parties named and not from the fact of service." New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998). To the extent the Department is a citizen, it would appear to be a citizen of Louisiana and not diverse from the Louisiana Plaintiff.

It may well be, however, that the Department is considered an alter ego of the State of Louisiana. Neither a state nor a state agency that is an alter ego of the state is considered a "citizen" for purposes of diversity jurisdiction, and there can be no federal jurisdiction on the basis of diversity in an action where a state is a party. Texas Housing v. Verex, 68 F.3d 922, 926 (5th Cir. 1995); Tradigrain v. Mississippi State Port Authority, 701 F.2d 1131, 1132 (5th Cir. 1983); Batton v. Georgia Gulf, 261 F.Supp.2d 575 (M.D. La. 2003). The presence of a jurisdiction-destroying party may be ignored if it is shown that the party was fraudulently or improperly joined, but the heavy burden of making such a showing is on the removing party, and KCS has made no suggestion in its notice of removal that the Department was improperly joined under the demanding standards set forth in cases such as Boone v. Citigroup, Inc., 416 F.3d 382 (5th Cir. 2005).

**Conclusion**

KCS will be permitted until **October 20, 2005** to file an Amended Notice of Removal pursuant to 28 U.S.C. § 1653 and attempt to set forth the facts and other allegations sufficient

to satisfy its burden of establishing subject matter jurisdiction. The court will review the matter after the deadline and will, if jurisdiction appears to be present, set the case for a scheduling conference. Otherwise, the case may be remanded without further notice.

THUS DONE AND SIGNED in Shreveport, Louisiana on this 16 day of September, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE