**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| DANYELL D. BELVIN | CIVIL ACTION NO. 05-757 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| KANSAS CITY SOUTHERN RAILWAY CO., ET AL. | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before the Court is a Motion to Review (Record Document 56) filed by the plaintiff, Danyell D. Belvin ("Belvin"). Specifically, Belvin challenges the Taxation of Costs (Record Document 55) issued by the Clerk of Court on September 14, 2007. Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, costs were reviewed and taxed for the defendant, Kansas City Southern Railway Company ("KCS"), for deposition costs, the defendant's trial exhibits, and third party document requests. See Record Document 55. In the Motion to Review, Belvin argues that he is "financially unable to pay" the costs and specifically requests that the Court disallow all deposition expenses. Record Document 56.

Courts within the Fifth Circuit recognize a strong presumption in favor of awarding costs to the prevailing party pursuant to Rule 54(d). See Salley v. E.I. DuPont de Nemours & Co., 966 F.2d 1011, 1017 (5th Cir. 1992). "The presumption may be overcome if the losing party can demonstrate some impropriety on the part of the prevailing party that would justify a denial of costs." Reuther v. Smith, No. Civ.A. 01-3625, 2003 WL 22174275, *1 (E.D.La. Sept. 11, 2003) (citations omitted). Such impropriety includes bad faith or deliberate confusion on the part of the prevailing party, bringing in unnecessary issues or otherwise encumbering the record, or otherwise unnecessarily prolonging the trial. See id.

(citations omitted). In the Motion to Review, counsel for the plaintiff stated that Belvin is financially unable to pay the costs, but has failed to demonstrate any impropriety on the part of KCS that would justify a denial of costs. Rather, the record reveals that the depositions and copies were necessarily obtained for use in the case. Thus, Belvin has not overcome the Rule 54(d) presumption.

Accordingly,

**IT IS ORDERED** that the Motion to Review (Record Document 56) filed by the plaintiff, Danyell D. Belvin, be and is hereby **DENIED**. The Taxation of Costs entered by the Clerk of Court on September 14, 2007 is hereby adopted by this Court and costs in the amount of $4,226.19[1] are assessed and taxed to the plaintiff, Danyell D. Belvin.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 22nd day of October, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1]Such costs include $3,786.94 in deposition costs, $153.60 for the defendant's trial exhibits, and $285.66 for third party document requests. See Record Document 55.